BOICE v. JONES et al.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

**1.** PARTNERSHIP—CONTRACTS—AUTHORITY OF PARTNER.

Defendants contracted with the owners of various properties to render services in promoting a consolidation, and to receive stock in the consolidated concern as compensation. By a subsequent agreement with the subscribers of the consolidated company, defendants, as copartners, were recognized as entitled to compensation. Before such agreement one of the defendants had agreed with plaintiff to share the compensation with him for assistance rendered. *Held*, that the agreement with plaintiff was binding on both defendants as copartners, and plaintiff was entitled to receive his proportion of the stock from shares deposited in trust for both defendants.

Van Brunt, P. J., and Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Hewitt Boice against Percival S. Jones and another. From an order containing an injunction, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

W. B. Dowd, for appellants.

R. F. Goldsborough, for respondent.

PATTERSON, J. This appeal is from an order continuing an injunction which restrained the defendants from disposing of 2,004 shares of stock of the United States Gypsum Company. The defendants Jones & McCormick appear to have deposited those shares with the Knickerbocker Trust Company, who held them at the time this action was brought and the injunction issued. The order appealed from also appoints a receiver of the shares, 1,189 of them being of preferred stock, and 815 common stock, of the Gypsum Company. They are a portion of 2,870 shares of preferred and 2,130 shares of the common stock of the company, which by an agreement made in November, 1901, between the defendants Jones & McCormick and the owners or proprietors of various properties which subsequently passed to the Gypsum Company, were set apart and allotted to Jones & McCormick as promoters' fees or compensation, for services stated to have been rendered by Jones & McCormick in effecting a consolidation of various gypsum interests, and procuring the organization of the United States Gypsum Company. The number of shares to be given as such compensation was finally settled by a committee of the subscribers to the United States Gypsum Company. By the terms of the agreement, Jones & McCormick, as copartners, were recognized as the persons who rendered the services and to whom the compensation was due, as promoters. The plaintiff claims, however, that, antecedently to the agreement by which the promoters' compensation was fixed, he entered into an agreement with Jones by which, in consideration of his (the plaintiff's) assisting in efforts to bring together the various interests sought to be consolidated in the formation of the Gypsum Company, Jones agreed to share with him the promoters'

fees, and that the agreement subsequently made between the parties interested in the consolidation and Jones & McCormick was subject to the rights acquired by the plaintiff under his agreement with Jones.

That the plaintiff rendered very valuable services, and was influential in bringing about the consolidation, abundantly appears by the affidavits of several persons whose interests and properties entered into the consolidation. The plaintiff's contention is that the defendant McCormick was only nominally connected with Jones in the agreement for compensation; but, if he were associated as a partner with Jones, the further contention may be made that McCormick is bound by Jones' contract, made as a member of the firm of Jones & McCormick, with the plaintiff, Jones having the power, as a copartner with McCormick, to make such a contract in aid and for the accomplishment of the business of bringing about the consolidation; or, in other words, that Jones had the same power to bind his firm by a contract made in the course of the business that any copartner would have as the agent of the firm of which he was a member.

That a contract of some character was made between the plaintiff and Jones by which the plaintiff should receive some portion of the promoters' fees is established. The preponderance of the proof, as contained in the affidavits, is that the share the plaintiff was to receive was one-half. Jones, or Jones & McCormick, have already received 1,430 shares of preferred stock, and 815 shares of the common stock. If the plaintiff is entitled to one-half of the promoters' shares, then the shares covered by the injunction and receivership herein are not more than sufficient to satisfy his claim. We are of the opinion that a sufficient case was made out upon the papers upon which the injunction was maintained to authorize the action of the court below.

It was argued in the court below, although not expressly insisted upon here, that the plaintiff is not entitled to recover in this action because his relations to the scheme of the consolidation of the various interests that entered into the formation of the Gypsum Company were of such a fiduciary or confidential character that he could acquire no personal benefit from any agreement to share in promoters' compensation. The views expressed in the opinion of the court below sufficiently dispose of that argument. It is shown that the agreement between the plaintiff and Jones was known to the advisory committee who fixed the promoters' compensation. That agreement was not in itself fraudulent, and whatever rights third parties, who were not cognizant of or assenting to the arrangement, may have against the plaintiff for stock he may receive on his contract with Jones, if they choose to assert such rights, they are not presented in this action in such a way as to defeat the plaintiff's claim.

The order should be affirmed, with $10 costs and disbursements.

INGRAHAM and HATCH, JJ., concur. VAN BRUNT, P. J., dissents.

LAUGHLIN, J. I dissent upon the ground that the plaintiff only shows a contract with, and cause of action against, Jones individually, and not against Jones & McCormick, who appear to own this stock.