BOICE v. JONES et al.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

1. APPEAL—REVERSAL AS TO CO-PARTY.

Where an interlocutory judgment erroneously directed an accounting between plaintiff individually and one of the defendants individually, instead of requiring the accounting between the plaintiff individually and the defendants as partners, and was reversed on the separate motion for new trial and appeal of the partner who was adjudged to have no interest in the contract in question, a reversal also as to the other defendant was necessitated, regardless of the merits of his separate motion for new trial and appeal, it being the same judgment, rendered in a single cause of action, on the same trial and evidence.

2. SAME—COSTS.

The fact that an interlocutory judgment in an action for an accounting erroneously directed an accounting between plaintiff individually and one of the defendants individually, instead of requiring an accounting between plaintiff individually and the defendants as partners, justified an appeal by the defendant as to whom the accounting was directed, entitling him to be awarded costs, irrespective of the merits of other points presented by him.

3. JOINT ADVENTURE—ACCOUNTING—PLEADING AND PROOF.

Where the complaint for an accounting characterized the transaction on which the action was based as a joint venture and later on as a partner-

ship, and no claim was made of a general partnership, and it was alleged that the joint venture had terminated, proof of a joint venture entitled the plaintiff to an accounting.

**4. SAME—EQUITY JURISDICTION.**

Where stock and bonds of a corporation were received as the fees for the promotion of a corporation by one of the parties to a contract, which made another equally interested in the venture and joint owner of the property after deducting the respective personal expenses of the parties, equity had jurisdiction to direct an accounting to adjust the rights of the parties under the contract on the refusal of the party receiving the property to distribute it according to the contract provisions.

**5. SAME.**

Where certain stock and bonds of a corporation were received as fees for the promotion of a corporation for pooling the property of certain mills by one of the parties to a contract which made another equally interested in the venture and joint owner of the stock and bonds after deducting the respective personal expenses of the parties, equity was not necessarily deprived of jurisdiction of an action for an accounting between the parties because the plaintiff was a millowner himself, and concealed from other millowners whose mills were placed in the pool the fact that he was interested in the commissions to be received by the ostensible promoters until after the new company had agreed to pay the promoters the stock and bonds in question as promotion fees, though the fact should weigh with the trial court in determining his credibility and considering the merits of his case.

**6. CORPORATIONS—PROMOTERS—RIGHT TO FEES—INCONSISTENT CLAIMS.**

Where an undisclosed promoter of a corporation organized for pooling certain mills was made a trustee of the corporation by the selection of the owners of the mills pooled, and not as a part of the contract for promoting the corporation, his presentation of a claim against the corporation for services and disbursements as trustee was not necessarily inconsistent with his claim for participation in the promotion fees.

**7. SAME—ACTION FOR ACCOUNTING—NECESSARY PARTY.**

Where certain of the promoters of a corporation agreed with another person merely to keep an account of the profits resulting from the enterprise, and to pay him a sum equal to 30 per cent. of the net profits in bonds, stock, and cash as the promoters in the arrangement might personally receive after deducting and paying to him a sum advanced to them by him, he was not thereby given an interest in the stock and bonds to be received for promotion fees, so as to make him a necessary party to an action for an accounting between the promoters.

Appeal from Special Term, New York County.

Action by Hewitt Boice against Percival S. Jones and another. On motion by defendant Jones for a new trial on exceptions pursuant to Code Civ. Proc. § 1001, and appeal by him from an interlocutory judgment directing an accounting. Reversed.

See 83 N. Y. Supp. 230.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Augustus N. Hand, for appellant.
Richard F. Goldsborough, for respondent.

LAUGHLIN, J. The reversal of the interlocutory judgment on the separate motion for a new trial and appeal of the defendant McCormick, argued herewith (94 N. Y. Supp. 892), requires a reversal as to Jones as well, regardless of the merits of his appeal. It is the same judgment rendered in a single cause of action on the same

trial and evidence, and it cannot be allowed to stand as an adjudication between this appellant and the plaintiff that the former is the owner of one half the promotion fees, and is obliged to account to the latter for the other half, and at the same time a decision be made on the separate appeal that the firm of Jones & McCormick owns the half interest, and is liable to account to the plaintiff for the other half, if there be any liability to account therefor. City, of Buffalo v. D., L. & W. R. R. Co., 176 N. Y. 308, 68 N. E. 587; Altman v. Hofeller, 152 N. Y. 498, 46 N. E. 961; Electric Boat Co. v. Howey, 96 App. Div. 410, 89 N. Y. Supp. 210. It is necessary, however, to examine the merits of this appeal, at least for the purpose of making a proper award of costs. I think it quite clear that, aside from the other points, Jones was justified in appealing on account of the erroneous decision that his partner, McCormick, had no interest in the stock, and was not liable to account therefor. Since the firm, and not Jones, owned the half interest in the stock for which Jones has been required to account, it is manifest that the firm, and not Jones individually, should account therefor. Therefore the appeal was warranted upon that ground alone, and the appellant should. be awarded costs regardless of the merits of the other points presented. It is urged, however, that objections have been taken by the appellant and presented by the appeal which should dispose of the issues. It is therefore proper that we should consider such objections.

The appellant contends that the plaintiff alleges a copartnership, and that, since his evidence only discloses a joint venture, which is all that has been found, the complaint should have been. dismissed, and he cites as authority for this contention Heye v. Tilford, 2 App. Div. 346, 37 N. Y. Supp. 751, affirmed 154 N. Y. 757, 49 N. E. 1098. In that case a general partnership was alleged, and, this being shown, and there being some evidence of a joint venture, it was held that a recovery upon the theory of a joint venture would not be consistent with the complaint. The parties to a joint venture may or may not be partners inter sese (Arnold v. Angell, 62 N. Y. 508; Marston v. Gould, 69 N. Y. 220); but where property is invested or money is expended, and property in which the parties are jointly interested is received, so that an accounting is required to adjust their rights, a suit in equity will lie therefor (Marston v. Gould, supra; Weldon v. Brown, 89 App. Div. 587, 85 N. Y. Supp. 599). Of course, where a defendant is brought into court under allegations of a general partnership, a recovery should not be permitted on proof of a joint venture in which the parties were not partners, for this would not be according to the allegations of the pleading, and the defendants might not be prepared to try such issue; but here the facts are alleged, and early in the complaint, as appears in the statement of facts in our opinion in the other case, the transaction is characterized as a joint venture, and later on as a partnership. In these circumstances the defendants could not be misled. No general partnership was claimed, and it was alleged that the joint venture had terminated, which brought the case directly within Marston v. Gould, supra. According to the testi-

mony of the plaintiff, he and the defendant Jones, or Jones & Mc-Cormick if Jones represented his firm, were to be equally interested in this venture and joint owners of the stock and bonds received as the promotion fees, and to divide the same equally after deducting their respective personal expenses. These facts give equity jurisdiction.

No question of law arising on the record has been brought to our attention which necessarily precludes a recovery in this action. There is evidence indicating the plaintiff's right to recover, although his claim cannot impress a court of equity favorably. On account of being a millowner himself, he concealed from many other millowners and others interested in the new corporation the fact that he was interested in the commissions to be received by Jones or Jones & McCormick until after the new company had agreed to pay Jones the 5,000 shares of stock as promotion fees; and in the meantime he used his influence with his fellow millowners to bring about this consolidation, leading them to infer that his interest was only the same as theirs. As to those who were not informed of his interest in the promoter's fees, he may be obliged to account for what he receives. As we observed on the former appeal therein (86 App. Div. 613, 83 N. Y. Supp. 230), this does not prevent the maintenance of this action. It should, however, weigh with the trial court in determining his credibility and considering the merits of his case. The record before us shows that. His testimony as to the agreement is corroborated by admissions and declarations made by Jones and testified to by several other witnesses. As has been stated, although the original contract was made with Jones, and the plaintiff was ignorant of the fact that Jones was acting for his firm, yet the plaintiff's rights attached to the contract of November 8th, made in the name of the firm. There can be no reasonable doubt that the stock delivered and to be delivered by the consolidated company was awarded to the defendant Jones or to his firm by virtue of the contract of November 8, 1901, and with full knowledge of the plaintiff's claim to a one-half interest therein. The promoters had undertaken, among other things, as stated in the findings, to finance the company. They experienced difficulty in accomplishing this, and gave up the effort, and agreed that, as a substitute for the compensation provided in the contract, they would accept whatever the advisory committee of the new corporation deemed the services reasonably worth. Pursuant to that suggestion, the award of the 5,000 shares of stock was made. If the plaintiff establishes the original agreement with Jones, which was made before it was known what agreement for compensation could be made with the millowners, it would seem that his rights would attach to the stock delivered and to be delivered by the new company in adjustment of the services thus performed, if nothing intervened to waive or cut off such right. There is evidence indicating that the plaintiff abandoned his efforts, and that the enterprise was thereafter consummated without his assistance, which would disentitle him to share in the stock (Parks v. Gates, 84 App. Div. 534, 82 N. Y. Supp. 1070); but this is controverted by his testi-

mony, which is corroborated. The agreement of November 8, 1901, which fixes the amount of stock and bonds which Jones and Mc-Cormick were to receive for their services as promoters, provided that out of their compensation should be first paid by the company certain expenses, including the expenses and services of trustees, who were to appraise the different properties that were to be taken over by the new company. The plaintiff was made one of these trustees, but that was not part of the original agreement, nor did the defendants bring it about. He was selected by the owners. He presented a claim against the new company for $40,446 for services and disbursements as trustee. It is claimed that this is inconsistent with his claim as now made. It is not necessarily inconsistent therewith, but it would seem to be some indication that he perhaps had abandoned his claim to participate in the stock and bonds received by Jones, or that his interest therein was as claimed by Jones, rather than as testified to by himself, for, if allowed, it may materially reduce the amount that Jones was to receive.

The appellant contends that one Charles B. Brown is a necessary party to the determination of the questions involved in this action. Brown was a witness upon the trial. He testified that he had an agreement with Jones and McCormick for 30 per cent. of the promotion fees, which was reduced to writing on the 31st day of August, 1901, but had been made verbally two or three months before. The agreement on the part of Jones and McCormick was merely to keep an account of the profits resulting to them from the consolidated agreement of November 8th, "and to pay said Brown a sum equal to thirty per cent. of all such net profits in bonds, stock, and cash, as they may personally receive thereunder," after deducting and paying to Brown $2,500 advanced to them by him. This did not give Brown an interest in the stock. It was merely an agreement for compensation, to be measured by a percentage of the profits. We conclude, therefore, that the record presents no insuperable bar to a recovery by the plaintiff.

It follows, therefore, that the interlocutory judgment should be reversed, and the motion for a new trial granted, with costs to appellant to abide the event. All concur; PATTERSON, J., in result.