### (February 9, 1978)

■ FRANK F. ARNOLD, Respondent, v DISTRICT COUNCIL No. 9, INTERNATIONAL BROTHERHOOD OF PAINTERS AND ALLIED TRADES, Defendant, and INTERNATIONAL BROTHERHOOD OF PAINTERS AND ALLIED TRADES, AFL-CIO, Appellant.—Order, Supreme Court, New York County, entered September 9, 1977, granting plaintiff's motion for summary judgment and denying defendant's cross motion for summary judgment, unanimously reversed, on the law, plaintiff's motion for summary judgment denied, and defendant's cross motion for summary judgment granted, without costs or disbursements. We direct that, in the interest of justice, the granting of summary judgment be on behalf of all defendants. Frank F. Arnold and Daniel French were both candidates for the position of business representative of the Paperhangers Local No. 490 which was affiliated with District Council No. 9, International Brotherhood of Painters & Allied Trades. The election was scheduled for June 26, 1976 and no challenge was made to the eligibility of French until the eve of the election. Arnold obtained a stay of the election in the United States District Court for the Southern District of New York. On November 15, 1976, the stay was dissolved and the complaint dismissed for lack of Federal subject-matter jurisdiction. The election was then scheduled for January 10, 1977. Preliminary injunctive relief was then sought in New York State Supreme Court, which was denied. The complaint upon which the request for injunctive relief was based was not dismissed. The election was held and French won. After internal union protests failed, Arnold moved at Special Term for summary judgment in his favor and the International cross-moved for summary judgment. Special Term granted Arnold's motion. We would reverse and grant summary judgment to the Interna-

tional. The original dismissal in the Federal District Court occurred prior to the holding of the challenged election. Postelection remedies, however, are within the sole jurisdiction of the Federal courts. Section 401 *et seq.* of title 29 of the United States Code, more popularly known as the Labor-Management Reporting and Disclosure Act (LMRDA), provides that a member of a labor organization may make a complaint about election of an officer to the Secretary of Labor (after having exhausted remedies available through the organization). The secretary must then investigate the complaint and bring an action in the Federal District Court if he believes that any violation has occurred (US Code, tit 29, § 482). Such remedy for challenging an election already held is exclusive (US Code, tit 29, § 483). An officer is defined as "any person authorized to perform the functions of president, vice president, secretary, treasurer, or other executive functions of a labor organization, and *any member of its executive board or similar governing body"* (emphasis added) (US Code, tit 29, § 402, subd [n]). The by-laws of Local 490 provided that business representatives are members of the executive board and therefore the office of business representative sought by Arnold and French is an office within the definition found in the LMRDA. We note that we cannot be bound by the informal statements allegedly made by labor officials denying Federal jurisdiction in this case. Absent a formal Federal ruling to the contrary, we find that postelection disputes regarding the office of business representative of Local 490, under the facts as presented in the record before this court, are subject to the exclusive Federal remedies provided in the LMRDA. Since the State court lacks subject-matter jurisdiction over the postelection remedies sought by Arnold, summary judgment should have been granted to the International. In view of our dismissal on the basis of lack of jurisdiction, we hold that substantial justice requires a reversal even as to those defendants who have not taken an appeal, since our lack of jurisdiction applies with equal force as to them (5 Am Jur 2d, Appeal and Error, §§ 949, 951; *Boice v Jones,* 106 App Div 547, 548; cf. *St. John v Andrews Inst. for Girls,* 192 NY 382, 386; *Statella v Chuckrow Constr. Co.,* 28 AD2d 669, 670). Concur—Murphy, P. J., Lupiano, Birns and Lane, JJ.