612 F.2d 34
 102 L.R.R.M. (BNA) 2830, 87 Lab.Cas. P 11,642
 Lloyd McBRIDE, President and Frank McKee, Treasurer, for and
on behalf of the United Steelworkers of America, AFL-CIO-CLC
and its entire membership, and Lynn Williams, Joseph
Odorcich, Leon Lynch, Ernest Janak, Robert Clowers, Dick
Eaglehouse, Robert Kelley, and Frank Anglin, Plaintiffs-Appellants,
v.
ROCKEFELLER FAMILY FUND, New World Foundation, Field
Foundation, Samuel Rubin Foundation, J. M. Kaplan Fund,
Inc., Ottinger Foundation, Community Funds, Inc., Youth
Project, and Association For Union Democracy, Defendants-Appellees.
 No. 33, Docket 79-7295.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 31, 1979.
Decided Nov. 1, 1979.
Certiorari Denied March 31, 1980.
 
 Michael H. Gottesman, Washington, D. C. (Robert M. Weinberg, David M. Silberman, and Bredhoff, Gottesman, Cohen & Weinberg, Washington, D. C., and Cohen, Weiss & Simon, New York City, on the brief), for plaintiffs-appellants.
 William E. Jackson, New York City (Sharon W. Lindsay, and Milbank, Tweed, Hadley & McCloy, New York City, on the brief), for defendants-appellees Rockefeller Family Fund and Community Funds, Inc.
 Paul, Weiss, Rifkind, Wharton & Garrison, New York City (Richard Wasserman, New York City, of counsel), for defendants-appellees Field Foundation and New World Foundation.
 Fried, Frank, Harris, Shriver & Jacobson, New York City (William Josephson, New York City, of counsel), for defendants-appellees Samuel Rubin Foundation, The J. M. Kaplan Fund, Inc. and The Ottinger Foundation, Inc.
 Gilbert, Segall & Young, New York City (Bernard J. Rosenthal, New York City, of counsel), for defendant-appellee Youth Project.
 Stanley Engelstein, New York City, for defendant-appellee Association for Union Democracy, Inc.
 Before MOORE, TIMBERS and VAN GRAAFEILAND, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants, officers and members of the United Steelworkers of America, AFL-CIO-CLC, commenced an action on April 19, 1978 in the Southern District of New York against appellees for violations of Section 401(g) of Title IV of the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 481(g) (1976), and New York common law, alleging that appellees made illicit contributions to a group of union candidates during the 1977 nationwide union election. The district court, John M. Cannella, District Judge, on April 13, 1979 dismissed the complaint pursuant to Fed.R.Civ.P. 12(b)(6). This appeal followed.
 
 
 2
 The issues before us are whether the district court erred in holding (1) that union members do not have an Implied private right of action to enjoin employers from making expenditures in union elections in violation of § 401(g) of the LMRDA, and (2) that appellant union members do not have a claim under common law or state law in this case.
 
 
 3
 We agree with the district judge that union members do not have an implied private right of action against employers who violate § 401(g) of the LMRDA. Section 401(g) provides:
 
 
 4
 "No moneys received by any labor organization by way of dues, assessment, or similar levy, and no moneys of an employer shall be contributed or applied to promote the candidacy of any person in an election subject to the provisions of this subchapter. . . . "
 
 
 5
 The express remedy for violations of § 401(g), provided by Congress in § 402 of the LMRDA, authorizes the Secretary of Labor to conduct investigations and commence civil actions in response to complaints by union members. Appellants admit that the express remedy provided in § 402 is exclusive insofar as it relates to Unions that violate § 401(g). They nevertheless argue that a private right against Employers who violate § 401(g) is implicit in the statute.
 
 
 6
 We do not believe that Congress intended to give union members the right to bring private actions against employers. Congress decided to utilize the "special knowledge and discretion" of the Secretary of Labor in determining which suits to prosecute; proposals to permit private enforcement of Title IV violations were considered by Congress and rejected. While appellants would have us believe that the rejection of such proposals for private enforcement is no indication of Congressional intent with respect to employers who violate § 401(g), there is no substantial evidence that Congress distinguished employers and unions in this area.
 
 
 7
 The express remedy provided by Congress is adequate to deal with employer contributions to union candidates as well as union contributions to union candidates. If an election outcome is tainted by employer contributions to candidates, the Secretary can act to invalidate the election and oust the improperly elected officials. The remedy is the same, irrespective of the identity of the § 401 violators.
 
 
 8
 If a private right of action against employers were provided under this statute, the centralization of litigation and the limitation on judicial interference in union affairs which now exist would be disrupted. The purpose of the express remedy in § 402 is to allow the Secretary of Labor to prevent violations of § 401 from resulting in the tainted election of union officials. We hold that Congress did not intend to give individual union members unfettered discretion to pursue individual suits against individual violators.
 
 
 9
 We also hold that the district court did not err in dismissing the state tort claims. Arnold v. District Council No. 9, International Brotherhood of Painters and Allied Trades, 61 A.D.2d 748, 401 N.Y.S.2d 811 (1st Dept. 1978), holds that the New York courts will refrain from adjudicating post-election disputes. Moreover, the fact that the torts alleged here are inextricably bound up in the statutory provisions of Title IV of the LMRDA provides strong support for the view that the statutory remedies in the Act preclude state courts from adjudicating these issues.
 
 
 10
 Affirmed.