ROBERT C. STEMPLES, Respondent, *v.* NATHAN SCHWAB, Appellant.

Third Department, November 11, 1926.

**Conversion — value of property — value not shown — judgment in favor of plaintiff reversed on ground of failure of proof.**

In an action to recover for the conversion of a dining-room suite, a buffet and a kitchen stove, a judgment in favor of the plaintiff was reversed on the ground that the evidence did not establish the value of the property taken, since it appears that the only evidence as to value was that the property taken, in connection with other property, cost $200, and since there was no other evidence as to the nature or number of the articles, their material, style, workmanship, quality or condition.

APPEAL by the defendant, Nathan Schwab, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Broome on the 18th day of May, 1925, upon the verdict of a jury, and also from an order entered in said clerk's office on the 12th day of June, 1925, denying defendant's motion for a new trial made upon the minutes.

*Moe Goldstein,* for the appellant.

*Robert S. Parsons,* for the respondent.

PER CURIAM. The only evidence as to what property was converted was given by plaintiff as follows: " He took dining-room suite and buffet and kitchen stove. That is all." There is no other evidence as to the nature or number of the articles, their material, style, workmanship, quality or condition. They had been in use more than nine months. When new they had been bought with other property by another party who sold them to plaintiff. There is no identification of these particular articles in question with reference to their original selling price with the exception of the stove. Plaintiff bought them together with other property and an unexpired lease, all for the sum of $200. There is no other

evidence as to the price paid on either sale for these particular articles in question and no other evidence of value was given. There is, therefore, a failure of proof as to the value of the property at the time of the conversion. For this reason the judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment and order reversed on the law and facts and new trial granted, with costs to the appellant to abide the event.