JOHN J. BECHARD, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 31287.) ANN R. BECHARD, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 31288.) — Cross appeals by each claimant and by the State in each claim from judgments of the Court of Claims in favor of the claimants. The claimants are husband and wife and the motor vehicle involved in the accident was owned by the husband who was present in it, but was being driven by the wife. The car was proceeding on a grade on a State highway approaching a bridge used as an overhead railroad crossing. There was wet snow "packed on the highway" and it was slippery. The car skidded across the highway, the rear end colliding with concrete guard posts pushing them over, and continued down the embankment. The Court of Claims has held that the State was negligent in the maintenance of the guard posts "in not providing a proper backfill which would give the concrete posts sufficient support and anchorage." The husband's testimony leaves a very considerable doubt in the record whether the condition of the guard posts, which is the only negligent act attributed by the Court of Claims to the State, has been shown to have had any causal association with his injuries. The wife's injuries were sustained when the car went through the guardrailing and down the embankment, but the husband seems to have been out of the car before it went through the railing. If that is so, the negligence of the State in relation to the stability of the backfill has not been shown to have causal connection with his injuries. He was asked whether he was thrown out of the car "before it hit the guide rail or afterwards" and to this he said that "As soon as I heard 'plunk', I was out of the car". He had hold of the handle of the door and "it must be" that the door came open. He went down the bank also, but it is clear that he was not then in the car. He said "I wasn't in the car * .* * if I rolled down or if I flew down or not, I found myself on the base of the hill". While we are of opinion that this record does not clearly demonstrate the husband's injuries due to the negligence of the State as found, there is sufficient uncertainty in the record to suggest that there should be a new trial on this claim. Upon the new trial the husband would be entitled in any event to the damages to his car and for the medical and hospital services necessary for his

wife, but these items should be held aside until it is determined what the amount of the judgment should be. We regard the judgment of $2,500 in the wife's case as adequate. The judgment in the claim of John J. Bechard is reversed on the facts and a new trial ordered, with costs to the appellant State of New York to abide the event; and the judgment in the claim of Ann R. Bechard is affirmed, with costs. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.