## (April 4, 1963)

FELIX FLORES, Respondent, v. E. W. BLISS COMPANY, Appellant.

MEMORANDUM BY THE COURT. Judgment in favor of plaintiff for $117,366.35, reversed on the law and the facts, the verdict vacated, and a new trial granted, with costs to defendant-appellant, unless plaintiff stipulates to accept $50,000 in lieu of the award by verdict, in reduction of the judgment, in which event the judgment is modified to that extent, and is affirmed as thus modified, with costs to defendant-appellant. In this personal injury negligence action it is evident that the jury's award of damages is grossly excessive, and that a verdict in excess of $50,000 is not warranted by the record. While plaintiff should not be restricted to the award of $39,000 on the prior trial, it is also true that the range of the two verdicts bears strongly on the excessiveness of the most recent verdict (cf. *Beckhusen* v. *Lawson Co.,* 15 A D 2d 455). In any event, the injuries, while serious, do not justify the extraordinary amount awarded on the instant trial. Defendant-appellant makes cogent but inconclusive argument for dismissal of the complaint. This court's prior decision, moreover, is conclusive, applying the doctrine of law of the case (*Politi* v. *Irvmar Realty Corp.,* 13 A D 2d 469, and authorities cited). On the prior appeal in this case, a new trial was ordered solely because of dissatisfaction with the testimony of plaintiff's expert, who made references to "possibilities" and "other factors" in accounting for the accident. At the same time it was commented that "It may be that the defendant can demonstrate mechanically that it is impossible for the rolling key to fail to engage the latch when the nut is backed off a given number of threads. This record does not warrant our so finding." (*Flores* v. *Bliss Co.,* 12 A D 2d 467.) On the present record the experts on both sides have testified without either the imperfections originally attributed to plaintiff's expert, or the expectations suggested of defendant's expert. That should foreclose the question of suffi-

ciency of the plaintiff's prima facie case or the demonstrability of an absolute defense for defendant. That there was found to be a prima facie case, if only plaintiff's expert's testimony were more definitely resolved, must be implied, since this court would not have ordered a new trial except for the reasons specifically assigned. Any other view suggests unfairness and trifling with the expense and effort of the litigants, as well as the courts, in repeated litigation. It is also significant that on the prior appeal defendant then briefed and argued the case for dismissal of the complaint for insufficiency of evidence. Indeed, this was defendant's principal argument and a new trial was requested only as an alternative. It is inescapable, then, that the court reached, rejected, and passed the contention that plaintiff's complaint should be dismissed for failure to make out a prima facie case. There are, of course, occasions when the appellate court, despite plaintiff's failure to make out a case, in the interest of justice, orders a new trial, but it is then usual for the court to describe its action and place it explicitly on that ground (e.g. *Beickert* v. *Westchester Racing Assn.*, 10 A D 2d 643 [2d Dept.]; *Hogan* v. *Chess Serv. Co.*, 3 A D 2d 909 [1st Dept.]; *Bechard* v. *State of New York*, 282 App. Div. 1103 [3d Dept.]; cf. *Stemples* v. *Schwab*, 218 App. Div. 282 [3d Dept.]; Rules Civ. Prac., rule 166, subd. 2). Finally, it is not for the court to suggest how the occurrence of the accident was mechanically impossible, unless there is basis in the record, supported and explicated by the testimony of experts. While all may have had experience with cotter pins, this case does not turn on the use of cotter pins in their usual or general application, but on their use in the specific instance of a metal dye-stamping machine, on a latch-key device, requiring specialized knowledge and experience (cf. 2 Wigmore, Evidence [3d ed.], § 662).

McNALLY, J. (dissenting). On the prior appeal (12 A D 2d 467) we reversed and ordered a new trial because we were unable to determine from the evidence or from defendant's exhibit of the machine whether the bases offered by the experts in support of their respective opinions were valid. In my view we did not impliedly or otherwise hold that plaintiff had made out a prima facie case. (Cf. *Politi* v. *Irvmar Realty Corp.*, 13 A D 2d 469.) The present record demonstrates there is no actionable negligence on the part of defendant manufacturer. The proof in plaintiff's case establishes faulty maintenance and not faulty design or construction. The issue of faulty design or construction was purely in the realm of speculation.

The duty of maintenance was on plaintiff's employer and not the manufacturer of the machine. *Beckhusen* v. *Lawson Co.* (9 N Y 2d 726) is not to the contrary. *Beckhusen* involved a latent defect in that the machine was so designed that its operation, while an access door was open, created a dangerous condition of which the operator had not been warned. Here, the screw, cotter pin and washer or gasket were not concealed.

The uses of and necessity for replacing cotter pins and washers or gaskets are a matter of common knowledge. The obligation of reasonable inspection and maintenance of the cotter pin and washer was that of plaintiff's employer and not the defendant manufacturer. (*Auld* v. *Sears, Roebuck & Co.*, 261 App. Div. 918, affd. 288 N. Y. 515.) A manufacturer's duty does not extend to a patent peril, particularly when the means to avoid it, as here, are within the ken of common knowledge. (*Campo* v. *Scofield*, 301 N. Y. 468, 472.)

Plaintiff alleged negligence in the manufacture of the power press. Plaintiff's expert testified it was good engineering practice to employ a shoulder with a cotter pin or jam nuts or a spring pin; the implication is, although there is no direct testimony, that the employment of a cotter pin as in the case at bar is not good engineering practice.

Plaintiff's employer purchased the press from the defendant in January, 1954. Defendant last repaired the machine on August 20, 1954. Until October, 1954 the press was operated in one shift; thereafter it was operated in two shifts until January 3, 1955, the date of the occurrence. Subsequent to the occurrence it was observed that the castellated nut had partially backed off the threaded end of the latch, and the cotter pin was not in place. Immediately thereafter the nut was screwed on to the latch, a cotter pin inserted into the threaded end of the latch and the castellated end of the screw. Thereafter the machine performed normally for single-stroke operation and continuous operation when properly set.

The single-stroke operation required interaction between the latch and the rolling key to disengage the flywheel. The latch became inoperative when its splines disengaged the gear thus preventing contact between the latch protrusion or cam and the rolling key. Plaintiff's theory is that the cotter pin disappeared in some manner not established; that the operation of the latch was attended by axial and rotational movements which caused the castellated nut to unwind from the threaded shaft of the latch thus enabling the splines and gear to disengage, thereby preventing the protrusion from intercepting the rolling key.

After the first trial and before the second trial plaintiff's expert ran tests of the latch which demonstrated with the castellated nut backed off four or five threads from the end of the shaft it was possible for the shaft and the splines of the gear to disengage. However, the test was performed with a disintegrated washer and the thickness of one in a good state would be equal to about two threads. Defendant's expert testified it was not possible for the latch to disengage from the gear so long as the castellated nut held three or four threads of the shaft and the washer was in position. The test performed by plaintiff's expert was of no probative force because of the introduction of a disintegrated washer with which this defendant cannot be charged. It is not disputed that the use of a cotter pin simplified maintenance in cleaning the latch and adjusting the castellated nut, necessary procedures in the normal and efficient operation of the press.

Plaintiff failed to establish actionable negligence and the complaint should be dismissed.

Botein, P. J., Breitel and Stevens, JJ., concur in Memorandum by the Court; McNally, J., dissents in opinion in which Eager, J., concurs.

Judgment in favor of plaintiff for $117,366.35, reversed on the law and the facts, etc. Settle order on notice.