■ JAMES E. BRANNIGAN, Respondent, v. CITY OF PLATTSBURGH, Appellant.— Appeal from a judgment entered upon a jury verdict in favor of the plaintiff after a trial in the Supreme Court, Clinton County. The defendant city had placed a coating of blacktop paving material, known as Tarmac, upon a concrete sidewalk running along the side of a building, the first floor of which was occupied by the plaintiff's employer as an office equipment store. Part of the Tarmac coating also extended in front of the building. Where the Tarmac ended and overlapped the concrete sidewalk in front of the employer's store, there was a difference in height, variously described as one quarter of an inch to three quarters of an inch, between the surface of the Tarmac and the surface of the concrete walk. The plaintiff testified that he tripped or caught his foot on this ridge or bump while he was carrying a cash register, weighing about 100 pounds, on his way from his employer's store to the curb. An expert sworn on behalf of the plaintiff testified that the difference in height between the edge of the blacktop and the adjacent concrete surface could have been reduced by "feathering" the edge, that is, by removing the coarse stones from the blacktop prior to its application or by raking off the coarse stones near the edge while the material was hot, prior to tamping. He testified that there had not been any feathering by either method. Although there is no requirement that a defect in a public sidewalk be of any particular depth in order to give rise to liability on the part of a municipality (*Loughran* v. *City of New York*, 298 N. Y. 320), we believe that the verdict against the city in this case was contrary to the weight of the evidence. The respondent stresses the fact that the condition was created by the city and thus seeks to place the case upon a different footing from other sidewalk defect cases. But the fact that the city itself created the condition is of significance principally in dispensing with the requirement of proof of actual or constructive notice of the condition. The question remains whether the condition could properly be characterized as a defective one at all or, in other words, whether the condition was a dangerous one which the city, in the exercise of reasonable care, should not have left uncorrected at the conclusion of its work. It may be that the work could have been done in a manner which would more closely approach perfection but we believe that predicating negligence in this case upon the city's leaving the slight ridge between the blacktop and the concrete was contrary to the weight of the evidence. We also believe that the jury's finding of the plaintiff's freedom from contributory negligence was contrary to the weight of the evidence. The defect involved in *Dynes* v. *Village of Waverly* (2 A D 2d 937) was of a wholly different character. Judgment appealed from reversed on the law and the facts and a new trial granted, with costs to abide the event. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.