■ PHILOMENA FLEMING, Appellant, v. FIFTH AVENUE COACH LINES, INC., et al., Respondents.— Judgment for defendant unanimously affirmed, with $50 costs to respondents. Although the trial court was apparently in error in the receipt as evidence of the report and records of the police officer and, in any event, in the failure, on request of plaintiff's counsel, to properly limit consideration thereof to the issue of credibility of the officer, the plaintiff is not entitled to a new trial. Upon the whole case, the plaintiff failed as a matter of law to establish actionable negligence on the part of defendant, and the motion to dismiss, made at the close of the case, upon which decision was reserved, should have been granted. The cellar door hinge, against which the plaintiff allegedly caught her foot, causing her to fall, extended but one inch to two inches above the surface of the sidewalk. The cellar door was installed some time prior to the enactment in 1938 of the provisions of the New York City Administrative Code (§ C26–230.0), applying solely to require vault doors thereafter installed to be placed flush with the sidewalk. There was no claim of prior accidents. Furthermore, the raised hinge was such a trivial obstruction to pedestrian traffic that no reasonable man would anticipate that it would cause danger to pedestrians. (See *King* v. *Dredger*, 256 App. Div. 1086; *Dowd* v. *City of Buffalo*, 29 N. Y. 895; *Heeney* v. *Topping*, 18 A D 2d 618, affd. 13 N Y 2d 1049; *Clemmons* v. *Cominskey*, 1 A D 2d 933, affd. 2 N Y 2d 958; *Liebl* v. *Metropolitan Jockey Club*, 10 A D 2d 1006.) Since the installation when made complied with the law and did not create a foreseeable hazard, a question of fact was not made out by the testimony of an architect, called by plaintiff, that for many years it had been the custom to install cellar doors, including the hinges, flush with the sidewalk. (Cf. *Moran* v. *Abercrombie & Fitch Co.*, 22 A D 2d 779.) Concur — Botein, P. J., Breitel, Stevens, Eager and Steuer, JJ.

■ JOYCE BINDER, Appellant, v. FOUNTAINEBLEAU HOTEL CORPORATION, Respondent.— Order, entered on February 18, 1964, unanimously affirmed, with $30 costs and disbursements to respondent. Concur — Breitel, J. P., Rabin, Valente, Eager and Witmer, JJ.; Eager, J. (concurring). I concur in the affirmance in constraint of the decision of this court in *Bryant* v. *Finnish Nat. Airline* (22 A D 2d 16), but it should be noted that, if I did not believe such decision was controlling on the facts here, I would adhere to the conclusions reached by my dissent there for the reasons therein expressed.