■ MILDRED KEIRSTEAD et al., Appellants, v. CITY OF NEW YORK, Respondent.— In a negligence action (a) by a wife to recover damages for personal injury allegedly sustained by her when her foot came in contact with a one-inch high elevation in the sidewalk; and (b) by her husband to recover damages for loss of services and medical expenses, the plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered July 21, 1964 after a jury trial, upon the court's dismissal of the complaint at the end of plaintiffs' case. Judgment affirmed, without costs. The undisputed physical facts, as shown by the photographs in the record as well as by the testimony offered on behalf of the plaintiffs, establish that the elevation was slight and that it had none of the characteristics of a trap or a snare; hence, the complaint was properly dismissed (cf. *Lynch* v. *City of Beacon*, 269 App. Div. 757, affd. 295 N. Y. 872). Moreover, the plaintiff wife at the time of the accident did not know at what point or location in the sidewalk she had fallen; she could not identify the defective portion of the sidewalk which caused her to fall. Beldock, P. J., Hill, Hopkins and Benjamin, JJ., concur; Rabin, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: In my opinion, whether the evidence disclosed the existence of a defective condition from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred, was a question of fact to be determined by the jury. " The existence of remote possibilities that factors other than the negligence of the defendant may have caused the accident, does not require a holding that plaintiff failed to make out a *prima facie* case" (*Ingersoll* v. *Liberty Bank of Buffalo*, 278 N. Y. 1, 7). Upon the evidence here, the question was for the jury; and it might have found from the facts and the inferences drawn therefrom that the injury was caused by the fact that the plaintiff's (Mildred Keirstead) foot " caught into " the badly broken sidewalk. The failure to locate the exact situs of the accident does not require a dismissal (*Robbins* v. *Boyer*, 283 App. Div. 449). Moreover, from the plaintiff's proof and the photographs in evidence, the jury could have found that the defendant was chargeable with constructive notice of the defective condition (*Marcus* v. *Manhattan Beach Parks Corp.*, 246 App. Div. 331). Under the circumstances, I believe it was error to dismiss the complaint at the close of plaintiffs' case.