ERNA ALLEN, Respondent, *v.* PERCY CARR et al., Appellants, et al., Defendants.

Fourth Department, October 26, 1967.

*Taylor & Taylor* (*Paul R. Taylor* of counsel), for appellants. *Harry Treinin* for respondent.

*Per Curiam.* The plaintiff, a widow, procured a judgment against the defendants-appellants, Percy and Mary Carr, for injuries that she received when she fell on a public sidewalk in front of property owned by the defendants Carr in the City of Corning, New York. Motions of defendants City of Corning and Service Systems, Inc. for dismissal of the actions as against them were properly granted, and the case was submitted to the jury only on the question of negligence of the defendants Carr.

The plaintiff testified that she fell where there was a difference of elevation of " half to an inch possibly " in the sidewalk and that the surface was rough. There was no suggestion of a trap or a snare. This was the only testimony as to a depression upon which a finding of negligence against the owners, because of the condition of the sidewalk at the time of the injuries, could have been based. We construe the testimony to mean that the depression was from one-half inch to not to exceed one inch. The testimony and the exhibits show a condition of the sidewalk not at all unusual in municipalities — not a condition, in fact, upon which it could be found that the defendants could have reasonably anticipated a fall and resulting injuries on the part of one who was himself not negligent.

At the time of the accident, there was in effect an ordinance of the City of Corning which provided that the Board of Public Works of the city was generally chargeable with maintenance

and repair of sidewalks. It was also provided in the ordinance that it was the duty of the owner to make, remake and keep in good repair a sidewalk adjoining his lot or piece of land on all of the streets specified by the Board of Trustees of the Village of Corning as public streets. The ordinance then went on to provide that, in the event of the owner's failure to do so, after written notice to the owner requesting him to do so, the board could cause the same to be done and charge the expense to the owner.

Normally, of course, the owner is not liable in actions of this type unless he negligently caused or created the condition from which the injuries resulted. (*City of Rochester* v. *Campbell,* 123 N. Y. 405.) However, the Trial Justice construed this ordinance as creating an obligation to maintain on the part of the owners, not to the city alone, but also to one in the position of the plaintiff, using the sidewalk.

While this construction of the ordinance is highly questionable, and we do not necessarily agree with it, it is not necessary for us to pass upon this question because we find no evidence of negligence sufficient to support the finding of the jury. In order to affirm, we would have to find that the condition was such that defendant owners could reasonably have anticipated an accident of this kind, and we bear in mind very definitely the fact that the depression was from one-half to not more than one inch — a not unusual condition of city sidewalks — in fact, what might be called a very prevalent condition.

Although we do not hold that arbitrary rules as to depths of depressions should necessarily apply, we also do not feel that all cases of variances in sidewalk levels should create questions of fact to be submitted to juries regardless of how trivial or commonplace they might be. (*Furman* v. *City of Lackawanna,* 121 N. Y. S. 2d 566, affd. 281 App. Div. 1008.) It has been held that differences of about one inch to a maximum of one and one-half to two inches would not support a plaintiff's verdict. (*Clemmons* v. *Cominskey,* 1 A D 2d 933, affd. 2 N Y 2d 958.) In *Keirstead* v. *City of New York* (24 A D 2d 486, affd. 17 N Y 2d 535) where there was a depressed area 12 inches by 12 inches by 1 inch deep, the Court of Appeals affirmed a determination of the Appellate Division dismissing the complaint. See, also, *Fox* v. *Brown* (20 A D 2d 538, affd. 15 N Y 2d 597), holding that a depression 12 inches long, 3 inches wide and 1 inch deep did not constitute actionable negligence; *Furman* v. *City of Lackawanna* (*supra*), where a one-inch difference in level did not establish negligence.

As noted above, were it not for a possible construction that the ordinance of the City of Corning created a cause of action in favor of the plaintiff against the property owners (a construction with which we do not agree), there could be no direct liability on the part of the property owners to plaintiff (*City of Rochester* v. *Campbell, supra*; *McCutcheon* v. *National City Bank of N. Y.*, 265 App. Div. 878, affd. 291 N. Y. 509) unless it could be satisfactorily proved that the negligence of the owners caused or created the condition. In the present case, the owners had repaired the sidewalk by a blacktop covering between five and seven years prior to the accident and had done nothing by way of maintenance since that time. The obligation of maintenance not being the owners', the plaintiff could recover only upon proof that negligence in the repaving five to seven years before the accident caused a condition of negligence to exist at the time of the accident. There was some slight proof by an expert called by the plaintiff that he would have laid the blacktop in a somewhat different manner, but there was no real proof that the repair by the defendants was improper or negligent or that it caused a continuing condition which resulted in the accident.

The plaintiff failed to show a dangerous condition because of which defendants should have foreseen the reasonable possibility of injury to users. This was a very fundamental and necessary burden which plaintiff failed to carry.

The judgment should be reversed and the complaint dismissed.

In any event, even if we had determined that a prima facie case was made out against the defendants, we would be constrained to reverse the verdict as being contrary to the weight of evidence.

WILLIAMS, P. J., BASTOW, HENRY and MARSH, JJ., concur.

Judgment unanimously reversed on the law and facts, and complaint dismissed, without costs.