■ FLORENCE CALDICOTT, Appellant, v. CITY OF NEW YORK, Respondent.— In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered on or about December 4, 1967 in favor of defendant, upon a jury verdict. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The findings of fact below are affirmed. Plaintiff sustained her injuries in a sidewalk fall, allegedly caused by an elevated flagstone. The height of the elevation was variously described as being about two inches (by plaintiff), between two and three inches (by plaintiff's daughter), and one and one-half to two inches (by the owner of a nearby store). Under the circumstances, the question of liability was close. During the charge, the court told the jury that the case was being submitted to them " only because of the testimony of the daughter, that it was 2 to 3 inches in height." This statement, coupled with the comments concerning the estimates of plaintiff and the other witnesses, was tantamount to a charge that, as a matter of law, plaintiff could not recover unless the elevation exceeded two inches in height. The court charged further that " It is only when the condition is such that it creates a trap that a plaintiff has a right to recover" and that " You must first find, before you can find for this lady, that this was a trap ". There is no rule that a sidewalk defect must be of certain minimum dimensions or constitute " a trap " in order to render a municipality liable for injuries sustained thereby. " A municipality's liability depends on whether or not, having in mind the circumstances of each case, it has neglected and failed to keep its public thoroughfares  *  *  * in a condition reasonably safe for pedestrians " (*Loughran* v. *City of New York,* 298 N. Y. 320, 322). Accordingly, a new trial should be granted (cf. *Monllas* v. *City of New York,* 27 A D 2d 722). In passing, we note that the court should not have charged the jury that " if you believe that the photograph, Defendant's Exhibit A, correctly portrays the condition that existed on the day of this accident, your verdict must be for the defendant". Not only was there no evidence that this photograph fairly represented the defect as it existed at the time of the accident, but each witness who was questioned in this regard affirmatively testified to the contrary. Under the circumstances, the instruction invited a finding that was unsupported by the evidence and tended to lend an air of authenticity to the photograph that was unjustified by the evidence. Christ, Acting P. J., Brennan, Rabin, Munder and Martuscello, JJ., concur.