■ MARY MASCARO et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 52834.) — Appeal from a judgment of the Court of Claims, entered October 11, 1973, after trial of the issue of liability only, holding the State liable and directing an assessment of damages for the injuries to claimant Mary Mascaro. The claimant, Mary Mascaro, fell while walking across a sidewalk curb and out into the pavement of a State highway in the Village of Babylon, Suffolk County. The fall did not occur at a crosswalk but near a mail box located on the south side of Main Street some distance west of the intersection of Fire Island Avenue. The back of the mail box was quite close to the curb and the front faced south. Claimant testified that this portion of the curb, which she said she crossed going to the mail box and was recrossing when she fell, was raised about two inches above the adjacent sidewalk. (No measurement was proven.) After tripping over the curb she said she placed her left foot down to steady herself and slipped on a small depression in the curb which was directly north and behind the mail box. The accident happened in broad daylight, and the curb had been painted yellow at this point by the Village of Babylon. The condition was not hidden but easily observable. No prior accidents had occurred at this point. Certain findings of fact and conclusions of law disapproved and reversed and new findings made. In reversing this judgment we are exercising the power given us by section 24 of the Court of Claims Act and CPLR 5522 to reverse certain findings and make new findings. We find, on the present record, that the defect complained of was trivial and slight in nature and possessed none of the characteristics of a trap or snare. It could not reasonably have been foreseen that it would cause an accident and thus liability could not be predicated thereon (*Fleming* v. *Fifth Ave. Coach Lines*, 23 A D 2d 726, mot. for lv. to app. den. 16 N Y 2d 485; *Brannigan* v. *City of Plattsburgh*, 3 A D 2d 637; *Lynch* v. *City of Beacon*, 269 App. Div. 757, affd. 295 N. Y. 872; *Dowd* v. *City of Buffalo*, 263 App. Div. 932, affd. 290 N. Y. 895; *Goetz* v. *City of New York*, 205 Misc. 1001). We further find that there was no proof or evidence to show actual or constructive notice. Accord-

ingly, we do not reach the issue of whether the State was responsible for the maintenance of the curb involved, or pass on whether the claimant, Mary Mascaro, was contributorily negligent. Judgment reversed, on the law and the facts, and claim dismissed, without costs. Staley, Jr., J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.