OPINION OF THE COURT
Memorandum.
The order appealed from should be reversed, with costs, and the case remitted to Supreme Court, Westchester County, for a new trial. Unlike the situation in Mooney v Turner (35 AD2d 674), the five photographs in this case, the accuracy of which has not been challenged, are sufficiently clear and precise to create an issue of fact as to constructive notice of the defect which is best submitted to and evaluated by the jury. We note that these photographs were taken the day after the accident, that the plaintiff has testified that they are a fair and accurate representation of the scene of the accident as of the time of the accident, and that the hole is in a basement floor. Although reasonable men might well differ on *900 the proper inference to be drawn, it would not be unreasonable for a jury to infer from the condition of the defect, as indicated by the discoloration of the concrete-like substance shown in the photographs, that the hole in the basement floor had been there a sufficiently long time that the landlord should have known of the defect.
It is not to be taken that proof of the condition at the scene of an accident such as this (thus permitting an inference as to the duration of the condition) may always be made by the use of photographs. In this case, we cannot say as a matter of law, that these photographs were insufficient for this purpose.