(July 15, 1982)

■ ESTELLE HECHT, Respondent, v CITY OF NEW YORK, Appellant, and SQUARE DEPEW GARAGE CORP., Respondent and Third-Party Plaintiff. CUNEO CONSTRUCTION CORP., Third-Party Defendant. — Judgment, Supreme Court, New York County (Dier, J.), entered November 24, 1980, granting plaintiff judgment against the City of New York and Square Depew Garage Corp. in the amount of $50,547.50, reversed, on the law, and vacated, and the complaint is dismissed, without costs. In this negligence action there was no showing that an actionable defect in the sidewalk existed. Without any evidence to support such a finding it was legal error to permit the jury to consider whether either defendant had had constructive notice and an obligation to repair. (*Cohen v Hallmark Cards,* 45 NY2d 493, 499.) Since we see no purpose in sending this case back for a new trial, we exercise our statutory power (CPLR 5522) and reverse the judgment and dismiss the complaint. (*Jones v Kent,* 35 AD2d 622; *Millens & Sons v Vladich,* 28 AD2d 1045, affd 23 NY2d 998; compare *Flores v Bliss Co.,* 18 AD2d 1058.) Although only the city prosecuted an appeal, the whole of the judgment is before us (CPLR 5501) and our disposition necessarily

effects a dismissal as to the garage defendant as well. (Cf. *Arnold v District Council No. 9, Int. Brotherhood of Painters & Allied Trades,* 61 AD2d 748, 749; *Statella v Chuckrow Constr. Co.,* 28 AD2d 669; *Boice v Jones,* 106 App Div 547, 548; CPLR 5520; compare *Segar v Youngs,* 45 NY2d 568, 572-573; 7 Weinstein-Korn-Miller, NY Civ Prac, pars 5522.07, 5522.03.) The motion, submitted in conjunction with this appeal, is dismissed as moot in light of our disposition of the appeal. Concur — Carro, Silverman and Asch, JJ. Murphy, P. J., dissents in part and Kupferman, J., dissents in a memoranda as follows:

Murphy, P. J. (dissenting in part). I agree that there was no actionable defect in the sidewalk and I would dismiss the case against the appealing defendant, the City of New York. However, this reversal does not inure to the benefit of the nonappealing defendant, Square Depew Garage Corp. (*Segar v Youngs,* 45 NY2d 568, 572, 573; *San Lucas v Bornn & Co.,* 173 App Div 703, 708, affd 225 NY 717; 4 NY Jur 2d, Appellate Review, § 485, p 625.) In view of the dismissal against the city, Square Depew shall be held 100% responsible for the $50,000 verdict in plaintiff's favor. The judgment of the Supreme Court, New York County (Dier, J.), entered November 24, 1980, awarding plaintiff recovery upon a $50,000 verdict with the city and Square Depew held 50% responsible, should be modified, on the law and the facts, the action against the city should be dismissed, and Square Depew should be held 100% liable on the verdict, and, as modified, the judgment should be affirmed.

Kupferman, J. (dissenting). The plaintiff sues for personal injuries arising from a fall on a sidewalk on the south side of 52nd Street between Sixth and Seventh Avenues, in the Borough of Manhattan, in front of a garage owned and operated by the defendant, Square Depew Garage Corp. The jury verdict was in favor of the plaintiff in the amount of $50,000. The issue before us is liability and the allocation as between the garage and the City of New York. The proof of the defective sidewalk consisted of photographs showing a lateral separation between flagstones of approximately one inch or more and a noticeable difference in the elevation of the two flagstones. It cannot be said, as a matter of law, that the photographs were insufficient for the purpose of proving the defect. (*Batton v Elghanayan,* 43 NY2d 898.) The jury apportioned liability 50% to the city and 50% to the defendant garage. The "special benefit" rule having been eliminated (*D'Ambrosio v City of New York,* 55 NY2d 454), the issue in apportionment is "on the basis of the respective violations of duty owed by the alleged * * * tort-feasors to the plaintiff." (*D'Ambrosio v City of New York, supra,* at p 464.) In this situation, a proper apportionment would be 80% against the garage and 20% against the city. While there can be no contention that the city owed no duty to the plaintiff (see *Muallem v City of New York,* 82 AD2d 420, affd on opn of Mollen, P. J., 56 NY2d 866), the main use of this sidewalk was for cars entering and exiting the garage, which is open 24 hours a day, seven days a week.