■ ANTHONY J. AMORANDO, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 63992.)—In a claim to recover damages for personal injuries, claimant appeals from a judg-

ment of the Court of Claims (Lengyel, J.), entered May 23, 1983, which dismissed the claim.

Judgment affirmed, with costs.

Claimant's injuries resulted from a fall which occurred when he stepped down from his delivery truck onto a defect in the pavement at the loading platform at the Ossining State Correctional Facility. Both he and a correction officer present at the time indicated to the court where claimant's truck was situated when the accident occurred; then the claimant circled portions of several photographs allegedly showing the defect. Since the photographs depicted two different pavement defects, the court determined that, in light of the other testimony, the defect depicted in exhibit No. 5 was the one into which claimant stepped. The weight of the evidence supports this finding; therefore, it should be upheld (see, Shipman v Words of Power Missionary Enters., 54 AD2d 1052, 1053).

Similarly, the court's determination that the defect depicted was insufficient to support a negligence claim (see, Allen v Carr, 28 AD2d 155, 156, affd 22 NY2d 924) has a basis in the record. Lazer, J. P., Mangano, Brown and Kooper, JJ., concur.