■ ANN FARRAR et al., Appellants, v ERIC TEICHOLZ et al., Respondents.—In an action to recover damages for personal

injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Burrows, J.), dated December 18, 1989, which granted the defendants' motions for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered January 11, 1990, which dismissed the complaint insofar as asserted against The Great Atlantic and Pacific Tea Company.

Ordered that the appeal from so much of the order as granted the motion of the defendant The Great Atlantic and Pacific Tea Company for summary judgment is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated insofar as it granted the motion of the defendant The Great Atlantic and Pacific Tea Company for summary judgment, that defendant's motion is denied, and the complaint is reinstated insofar as asserted against it; and it is further,

Ordered that the order is reversed insofar as reviewed, and the motion by the defendants Eric Teicholz and Leslie Teicholz, as executors of the estate of David Teicholz, Kalman Klein, and Alvin Caplin, as owners of the property known as Shrub Oak Shopping Center is denied; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The appeal from so much of the intermediate order as granted the motion of The Great Atlantic and Pacific Tea Company for summary judgment must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action with respect to this defendant (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from that branch of the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

On December 9, 1985, the plaintiff Ann Farrar tripped and fell over the irregular surface of the parking lot of the Shrub Oak Shopping Center, some 20 to 25 feet from the entrance to the A&P supermarket. The plaintiffs brought this action against the owners of the Shrub Oak Shopping Center (hereinafter Shrub Oak), the A&P supermarket, and The Great Atlantic and Pacific Tea Company (hereinafter A&P), alleging that they were negligent in failing to repair this defective condition.

To establish a prima facie case of negligence, the plaintiffs must demonstrate (1) that the defendants owed them a duty of reasonable care, (2) a breach of that duty, and (3) a resulting

injury proximately caused by the breach *(see, Boltax v Joy Day Camp,* 67 NY2d 617; *Solomon v City of New York,* 66 NY2d 1026). An owner or tenant in possession of realty owes a duty to maintain the property in a reasonably safe condition *(see, Basso v Miller,* 40 NY2d 233). The determinative factor is one of possession or control *(see, Huth v Allied Maintenance Corp.,* 143 AD2d 634, 635; *McGill v Caldors, Inc.,* 135 AD2d 1041, 1043). It is well established that a plaintiff who has fallen as a result of a defect in pavement also must prove notice, either actual or constructive, in order to recover *(see, Putnam v Stout,* 38 NY2d 607). Photographs which accurately depict the area in which the plaintiff fell may be adequate for a trier of fact to infer that a defendant had constructive notice of the alleged defect *(see, Batton v Elghanayan,* 43 NY2d 898; *see also, Taylor v New York City Tr. Auth.,* 48 NY2d 903).

Application of these principles to the present case causes us to disagree with the Supreme Court's conclusion that the plaintiffs did not show evidentiary facts demonstrating either the location of her fall or the defect causing it sufficient to establish a prima facie case of negligence against the defendants.

In the examinations before trial of Mary Blackadder, a nonparty witness, and Joseph Oricchio, the manager of the A&P supermarket in the Shrub Oak Shopping Center, each testified that they had seen the plaintiff lying in the parking lot immediately after she fell approximately 20 to 25 feet away from the door of the A&P supermarket. The plaintiff also testified in her examination before trial that she tripped on a defect in the parking lot. While she could not specifically identify the very defect which caused her to fall, she stated that as she lay on the ground after her fall, she noticed many crevices in that area of the parking lot. This evidence adequately describes both the location of her fall and the particular defect which she alleges was the proximate cause of her fall. Viewing this evidence in the light most favorable to the party opposing the motion for summary judgment *(see, Negri v Stop & Shop,* 65 NY2d 625; *Huth v Allied Maintenance Corp.,* 143 AD2d 634, *supra)* we conclude that the plaintiffs have raised an issue of fact concerning whether the alleged defect was a proximate cause of her injury. Granting summary judgment to the defendants on that basis, therefore, was improper. Moreover, a jury could properly infer that the defendants had constructive notice of the defects alleged based on the condition of such defects as shown in the photographs

*(see, Batton v Elghanayan,* 43 NY2d 898, *supra; Taylor v New York City Tr. Auth.,* 48 NY2d 903, *supra).*

Finally, pursuant to the lease between Shrub Oak and A&P, Shrub Oak was contractually responsible for the maintenance and repair of the parking lot. However, A&P supermarket manager Joseph Oricchio testified that it was his practice to inspect the parking lot and call "A&P Maintenance" with any complaints. A&P Maintenance in turn, would either notify Shrub Oak of the problem or assign a contractor to perform necessary repairs. Thus, an issue of fact was presented as to whether A&P maintained and controlled the parking lot and, if so, whether A&P was negligent in so doing *(see, Huth v Allied Maintenance Corp., supra; McGill v Caldors, Inc.,* 135 AD2d 1041, *supra).* Thompson, J. P., Eiber, Miller and O'Brien, JJ., concur.