■ CONNIE EVANS et al., Appellants, v PYRAMID COMPANY OF ITHACA et al., Respondents.—Casey, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered July 23, 1991 in Tompkins County, which granted defendants' motion for summary judgment dismissing the complaint.

The only issue raised on this appeal is whether, as a matter of law, the defect which allegedly caused plaintiff Connie Evans (hereinafter plaintiff) to fall is so trivial that it cannot give rise to actionable negligence. The defect consists of an elevation difference between the concrete sidewalk and granite curbing located outside of defendants' shopping mall. According to evidence in the record the elevation difference is between one half of an inch and one inch, and was apparently caused when ground under the sidewalk settled. The fall occurred as plaintiff was walking from the mall to her car in the mall's parking lot.

We agree with Supreme Court that the question of whether a defect is so trivial that no negligence can arise from either its creation or the failure to repair it cannot be determined merely on the basis of the depth of the particular sidewalk depression or difference in elevation (see, *Wilson v Jaybro Realty & Dev. Co.*, 289 NY 410, 412; *Mahota v City of Hudson*, 179 AD2d 953, *lv denied* 79 NY2d 760). Whether a sidewalk was in a reasonably safe condition for pedestrians must be decided on the basis of the facts and circumstances of the particular case (*Loughran v City of New York*, 298 NY 320, 322). We also agree with Supreme Court that not every noticeable difference in elevation in a sidewalk will create a question of fact (see, *Hecht v City of New York*, 89 AD2d 524, *mod on other grounds* 60 NY2d 57). We disagree, however, with Supreme Court's conclusion that the issue can be decided as a matter of law in this case.

Based upon our review of the record, including photographs of the alleged defect and the various affidavits describing the defect, we are of the view that a question of fact has been raised as to whether the defect was so trivial and slight in nature that it could not reasonably have been foreseen that an accident would happen. We note defendants' reliance on several decisions of this court which concluded that a defect was so trivial that it could not give rise to actionable negligence. In each case, however, we exercised our power to review not only the law, but the facts as well, and reversed judgments in favor of plaintiffs on the law and the facts (*Mascaro v State of New York*, 46 AD2d 941, *affd* 38 NY2d 870; *Scally v State of New York*, 26 AD2d 606, *affd* 24 NY2d

747; *Brannigan v City of Plattsburgh,* 3 AD2d 637). Accordingly, they are of little precedential value in determining whether defendants should prevail, as a matter of law, in this case.

Weiss, P. J., Yesawich Jr. and Harvey, JJ., concur.

Crew III, J. (dissenting). I respectfully dissent. I agree with the majority that the question of whether a defect is so trivial as to be nonactionable cannot be decided solely on the basis of a predetermined depth of a sidewalk depression or difference in elevation. However, it has been repeatedly held by all four Appellate Divisions that a difference in elevation of one inch or less, where the complained of defect possesses none of the characteristics of a trap or snare, is nonactionable *(see, Hecht v City of New York,* 89 AD2d 524, *mod on other grounds* 60 NY2d 57; *Mascaro v State of New York,* 46 AD2d 941, *affd* 38 NY2d 870; *Allen v Carr,* 28 AD2d 155, *affd* 22 NY2d 924; *Scally v State of New York,* 26 AD2d 606, *affd* 24 NY2d 747; *Keirstead v City of New York,* 24 AD2d 486, *affd* 17 NY2d 535). I agree with the majority that in those cases where we have concluded that a defect was so trivial that it was nonactionable, we exercised our power to review on the law as well as the facts in reversing judgments in favor of plaintiffs. However, I must assume that Supreme Court, in considering the present motion, viewed all of the evidence in the light most favorable to plaintiffs as it was required to do *(see, Dykstra v Windridge Condominium One,* 175 AD2d 482, 483). When so viewed the defect complained of here was an elevation differential of no more than one inch. Supreme Court had before it photographs of the defect which made clear that it had none of the characteristics of a trap or snare and I believe, therefore, that Supreme Court properly concluded, as a matter of law, that the complained of condition was such that it could not reasonably have been foreseen that it would cause an accident and thus liability could not be predicated thereon *(see, Hecht v City of New York, supra).*

Accordingly, I would affirm the order of Supreme Court.

Ordered that the order is reversed, on the law, with costs, and motion denied.