■ MICHAEL GUERRIERI, Respondent, v JOSEPH J. SUMMA, JR., et al., Appellants. [598 NYS2d 4] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Colby, J.), dated April 30, 1991, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendants' motion for summary judgment is granted, and the complaint is dismissed.

On the night of September 30, 1989, the plaintiff was playing a game of darts with two friends at Buddy's Bar and Club in Hicksville, New York, when he tripped and fell over a slightly elevated metal strip which served as a foul line for the game. The plaintiff subsequently commenced this personal injury action against the owners of the bar, contending that the raised metal strip constituted a "dangerous, hazardous, traplike" condition. After depositions of the parties had been conducted, the defendants moved for summary judgment, contending that the metal strip over which the plaintiff tripped was such a slight and trivial defect that it could not, as a matter of law, constitute a dangerous condition. The Supreme Court denied the defendants' motion, concluding, *inter alia,* that, "[t]he condition of the defendant's premises and the plaintiff's allegations with respect to a defect at these premises" presented questions of fact warranting a trial. We disagree.

Although the issue of whether a dangerous or defective condition exists "depends on the peculiar facts and circumstances of each case" and is generally a question of fact for the jury *(Schechtman v Lappin,* 161 AD2d 118, 121; *see also, Evans v Pyramid Co.,* 184 AD2d 960), it has been recognized that "[t]he owner of a public passageway may not be cast in damages for negligent maintenance by reason of trivial defects on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub his toes, or trip over a raised projection" *(Liebl v Metropolitan Jockey Club,* 10 AD2d 1006; *see also, Hecht v City of New York,* 89 AD2d 524, *mod on other grounds* 60 NY2d 57; *Mascaro v State of New York,* 46 AD2d 941, *affd* 38 NY2d 870; *Levine v Macy & Co.,* 20 AD2d 761). Upon our review of the

record at bar, and scrutinizing the affidavits and exhibits in the light most favorable to the plaintiff (see, *Hantz v Fishman*, 155 AD2d 415), we conclude that the elevated metal strip, which the plaintiff and others were using as a foul line for their dart game, did not constitute an actionable defect or a dangerous condition. In this regard, we note that the metal strip, which did not exceed three quarters of an inch in height, possessed none of the characteristics of a trap or snare. Moreover, the plaintiff submitted no evidence indicating that the metal strip, which bordered a "shooting box" constructed for use by patrons participating in dart games, was constructed or maintained in such a manner that it violated good and accepted safety standards (cf., *Schechtman v Lappin, supra*). Thompson, J. P., Eiber, Ritter and Joy, JJ., concur.