■ DZEMALE P. BRKANI et al., Respondents, v CITY OF NEW YORK, Appellant, et al., Defendant. (And a Third-Party Action.) [621 NYS2d 696] —In a negligence action to recover damages for personal injuries and wrongful death, the defendant City of New York appeals from (1) a judgment of the Supreme Court, Kings County (I. Aronin, J.), dated December 9, 1991, which, upon a jury verdict, is in favor of the plaintiffs and against it finding it 30% at fault in the happening of the accident and awarding damages, (2) an order of the same court dated January 21, 1992, which vacated the judgment dated December 9, 1991, and directed the plaintiffs to enter an amended judgment, (3) an amended judgment of the same

court dated February 25, 1992, which is in favor of the plaintiffs and against the defendant City of New York finding the City of New York 30% at fault in the happening of the accident and awarding damages, and (4) an order of the same court dated April 28, 1992, which amended and resettled the judgment dated February 25, 1992, by providing that interest upon the judgment be calculated from December 9, 1991.

Ordered that the appeal from the judgment dated December 9, 1991, is dismissed, as the judgment was superseded by the order dated January 21, 1992; and it is further,

Ordered that the appeal from the order dated January 21, 1992, is dismissed, as that order was superseded by the amended judgment dated February 25, 1992; and it is further,

Ordered that the appeal from the amended judgment dated February 25, 1992, is dismissed, as the amended judgment was superseded by the order dated April 28, 1992; and it is further,

Ordered that the order dated April 28, 1992, is reversed, on the law, the amended judgment is vacated, so much of the order dated January 21, 1992, as directed the plaintiffs to enter an amended judgment is vacated, and a new trial is granted, with costs to abide the event.

The vehicle of the plaintiff's decedent was hit by an automobile involved in an alleged high-speed chase with police officers who did not activate their emergency lights or siren. The court charged the jury that they could find the defendant City of New York (hereinafter the City) at fault in the happening of the accident if the officers had been negligent, and had failed to exercise "ordinary care". However, the City may not be held liable unless the officers acted with "reckless disregard" *(Saarinen v Kerr,* 84 NY2d 494). Thus a new trial is necessary because the trial court charged the jury with an improper standard. Dismissal of the complaint is not warranted, contrary to the City's contention, because on the facts of this case, viewed in the light most favorable to the plaintiffs, there is a valid line of reasoning from which the jury could conclude that the officers had acted with "reckless disregard" *(see generally, Cohen v Hallmark Cards,* 45 NY2d 493, 499).

We also note that the trial court erred in instructing the jury that they could consider a violation of New York City Police Department rules and regulations by the officers as some evidence of a violation of the applicable standard of care —in this case some evidence of recklessness—without informing the jury that they had to first determine that the rules or

regulations allegedly violated imposed a standard of care no greater than that required of the officers under the reckless disregard standard *(see, Clarke v New York City Tr. Auth.,* 174 AD2d 268, 272). This error was further compounded by the improper admission of the hearsay testimony of the wife of the deceased plaintiff, that, at the hospital after the accident, one of the officers had told her that he and his partner had been "chasing" the fleeing vehicle. The officers denied that they had engaged in a high-speed chase, yet this hearsay testimony may well have appeared to be an admission of such a chase. Since the officer was not a party to this action and was not authorized to speak for the City, his alleged statement to the wife of the deceased plaintiff should have been excluded *(see, Nordhauser v New York City Health & Hosps. Corp.,* 176 AD2d 787). Finally, the trial court erred by denying the City's request to introduce evidence that the driver of the fleeing vehicle had pleaded guilty to two counts of criminally negligent homicide. Although the jury was told that this driver was negligent as a matter of law, the issue of the degree of comparative negligence remained, and therefore, this evidence was relevant.

Finally, under the facts of this case and the plaintiff's theory of recovery, we agree with the trial court's determination that a charge on superseding cause was not warranted *(cf., Mercado v Vega,* 77 NY2d 918, 920). Lawrence, J. P., Santucci, Altman and Goldstein, JJ., concur.