■ LILLIAN MORALES, Respondent, v RIVERBAY CORPORATION, Appellant. [641 NYS2d 276] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered on or about February 27, 1995, which denied defendant's motion for summary judgment, is unanimously reversed, on the law, without costs, the motion is granted and the complaint is dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Plaintiff was allegedly injured when she tripped on a sidewalk in Coop City, which is owned and operated by defendant Riverbay Corporation. Plaintiff testified that the sidewalk was not level, with a displacement of "[a]bout an inch."

It is settled that "[t]he owner of a public passageway may not be cast in damages for negligent maintenance by reason of trivial defects on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub his toes, or trip over a raised projection" (*Liebl v Metropolitan Jockey Club*, 10 AD2d 1006; *Guerrieri v Summa*, 193 AD2d 647; *Hecht v City of New York*, 89 AD2d 524, *mod on other grounds* 60 NY2d 57; *Mascaro v State of New York*, 46 AD2d 941, *affd* 38 NY2d 870). Further, differences in elevation of about one inch, without more, have been held to be non-actionable (*Hecht v City of New York, supra*; *Mascaro v State of New York, supra*; *Allen v Carr*, 28 AD2d 155, *affd* 22 NY2d 924).

In the matter at bar, the differential between the two slabs was, by plaintiff's own testimony, about an inch and possessed none of the characteristics of a trap or a snare. Concur—Murphy, P. J., Milonas, Ross, Nardelli and Tom, JJ.