■ ESTHER TRINCERE, Appellant, v COUNTY OF SUFFOLK, Respondent. [648 NYS2d 126] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Floyd, J.), entered August 14, 1995, which, upon granting the defendant's motion made at the close of evidence for judgment as a matter of law, is in favor of the defendant and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

On March 29, 1991, the plaintiff Esther Trincere tripped and fell on a raised cement slab outside of the entrance of a building owned by the County of Suffolk (hereinafter the County). The plaintiff testified that the slab was raised a little more than half an inch. The record reveals that the County did not have actual notice of a defect. At the close of evidence, the defendant moved for judgment as a matter of law dismissing the complaint. The Supreme Court dismissed the complaint, finding the defect was slight and trivial, and, therefore, could not constitute a dangerous or defective condition. We agree.

The caselaw reflects a prevailing view to the effect that "differences in elevation of about one inch, without more, * * * [are] nonactionable" *(Morales v Riverbay Corp.* 226 AD2d 271, citing *Hecht v City of New York,* 89 AD2d 524, *mod on other grounds* 60 NY2d 57; *see also, Mascaro v State of New York,* 46 AD2d 941, *affd* 38 NY2d 870; *Allen v Carr,* 28 AD2d 155, *affd* 22 NY2d 924; *see also, Guerrieri v Summa,* 193 AD2d 647; *Scally v State of New York,* 26 AD2d 606, *affd* 24 NY2d 747; *Keirstead v City of New York,* 24 AD2d 486, *affd* 17 NY2d 535; *Fleming v Fifth Ave. Coach Lines,* 23 AD2d 726; *Brannigan v City of Plattsburgh,* 3 AD2d 637; *cf., Evans v Pyramid Co.,* 184 AD2d 960). These cases also reflect the reality that municipal entities cannot possibly be expected to be on constructive notice of defects which are so trivial *(see, Curci v City of New York,* 209 AD2d 574; *Hecht v City of New York, supra).*

We acknowledge the existence of dicta in prior decisions to the effect that "there is no rule that a defect * * * must be of certain minimum dimensions * * * in order to render one liable" *(Giniger v Held,* 127 AD2d 562, 562-563; *see also, Marcus*

*v County of Nassau*, 95 AD2d 846). This does not mean, however, that a minimal height differential, considered together with all of the other characteristics of an alleged defect, and together with all the other circumstances presented in a particular case, may never render the issue of constructive notice a question of law, rather than a question of fact. In other words, we do not believe that a question of fact, to be presented to the jury, automatically exists in every case where the plaintiff claims to have tripped on an uneven sidewalk, no matter how exiguous the measurements of the unevenness might be.

The plaintiff's remaining contentions are meritless. Bracken, J. P., Joy, and Altman, JJ., concur.

Krausman, J., dissents and votes to reverse the judgment appealed from, deny the defendant's motion, and order a new trial with the following memorandum in which Goldstein, J., concurs. I disagree with my colleagues' conclusion that the defect which caused the plaintiff's fall was so slight and trivial that it does not, as a matter of law, constitute a dangerous condition.

During a brief jury trial, the plaintiff Esther Trincere testified that she tripped and fell over an elevated paving slab in the plaza leading to the north entrance of the Suffolk County District Court building in Hauppauge. The plaintiff described the elevation difference between the paving slab upon which she fell and the surrounding slabs as "a little over a half inch", and several photographs of the plaza area, including the defective slab, were admitted into evidence. The photographs show that the paving slab which allegedly caused the plaintiff's fall was raised at an angle above the surrounding slabs. Moreover, the entire paving slab, which appears to be at least three feet wide, was elevated. At the close of evidence, the Trial Court granted the motion of the defendant County of Suffolk for judgment as a matter of law, concluding that the height differential between the paving slabs was so slight that the defect could not constitute actionable negligence.

The majority finds that the caselaw "reflects a prevailing view" that differences in elevation of about one inch are nonactionable, and, therefore, that the half-inch rise in the paving slab over which the plaintiff tripped cannot be considered a dangerous or defective condition. Although some cases have found a relatively slight elevation difference or small roadway depression to be nonactionable, there is no hard and fast rule that a elevation difference of less than one inch cannot constitute negligence. Indeed, the issue of whether or not a danger-

ous and defective condition exists generally "depends upon the peculiar facts and circumstances of each case and is a question of fact for the jury" *(Schechtman v Lappin,* 161 AD2d 118, 121; *see also, Varrone v Dinaro,* 209 AD2d 508; *Guerrieri v Summa,* 193 AD2d 647). Thus, while it has been held that " 'the owner of a public passageway may not be cast in damages for negligent maintenance by reason of trivial defects on a walkway * * * as a consequence of which a pedestrian might merely stumble, stub his toes, or trip over a raised projection' " *(Guerrieri v Summa, supra,* at 647; *see also, Liebl v Metropolitan Jockey Club,* 10 AD2d 1006), the question of whether a defect is so trivial that no negligence can arise from either its creation or the failure to repair it "cannot be determined merely on the basis of the depth of the particular sidewalk depression or difference in elevation" *(Evans v Pyramid Co.,* 184 AD2d 960). Moreover, this Court has repeatedly observed that there is no rule that a pavement defect be of certain minimum dimensions, or constitute a trap, in order to render a municipality liable for injuries sustained thereby *(see, Giniger v Held,* 127 AD2d 562; *Marcus v County of Nassau,* 95 AD2d 846; *Smith v City of New York,* 38 AD2d 965; *Caldicott v City of New York,* 32 AD2d 832).

For example, in *Caldicott v City of New York (supra),* we held that it was error for the Trial Court to charge that the plaintiff could recover only if the elevated flagstone upon which she tripped was at least two inches higher than the surrounding flagstones, and constituted a trap. Similarly, in *Marcus v County of Nassau (supra),* where the plaintiff lost control of his moped when he rode over a small depression in the roadway, we concluded that it was error for the Trial Court to have charged the jury that if it found that the depression was two inches or less in depth, it must find in favor of the County as a matter of law. In so holding, we took note of the County's "nondelegable duty to the traveling public to maintain its roads and highways in a reasonably safe condition" *(Marcus v County of Nassau, supra,* at 847).

In adopting the view that a difference in elevation of one inch or less cannot be considered actionable, the majority relies upon several cases in which the appellate courts have declined to impose liability upon property owners for slight and insignificant defects. However, these fact specific cases do not support the imposition of a general rule that defects which are one inch or less in height are not actionable as a matter of law. This point is illustrated by *Evans v Pyramid Co. (supra),* where the Appellate Division, Third Department, reversed an order

granting summary judgment to the owners of a shopping mall. In *Evans,* the plaintiff was injured when she tripped on an area located between the concrete sidewalk and granite curbing of the defendants' mall. The evidence in the record established an elevation difference of between one half an inch and one inch, which was apparently caused when the ground under the sidewalk settled. In reversing the award of summary judgment to the defendants, the court noted that the question of whether a defect is so trivial that no negligence can arise from either its creation or the failure to repair it could not be determined on the basis of the depth of the particular depression or difference in elevation, and concluded "upon our review of the record, including photographs of the alleged defect and the various affidavits describing the defect, we are of the view that a question of fact has been raised as to whether the defect was so trivial and slight in nature that it could not reasonably have been foreseen that an accident would happen" *(Evans v Pyramid Co., supra,* at 960). Significantly, the Appellate Division, Third Department also noted that although the defendants relied upon "several decisions of this court which concluded that a defect was so trivial that it could not give rise to actionable negligence", the defendants' reliance was misplaced because "[i]n each case, * * * we exercised our power to review not only the law, but the facts as well, and reversed judgments * * * on the law and the facts * * * Accordingly, they are of little precedential value in determining whether defendants should prevail, as a matter of law, in this case" *(Evans v Pyramid Co., supra,* at 960-961). The prior decisions which the *Evans* court found to be of little precedential value included *Mascaro v State of New York* (46 AD2d 941, *affd* 38 NY2d 870), and *Scally v State of New York* (26 AD2d 606, *affd* 24 NY2d 747), which are cited by the majority herein.

The *Evans* case *(supra)* underscores the fact that a determination of whether a defect is trivial should be based on a factual inquiry which includes consideration of the nature and the size of the defect, as well as its location. Here, the plaintiff testified that the paving slab was elevated a little over half an inch, and the photographs admitted into evidence show that the slab was elevated at an angle, and that the entire slab was significantly higher than the immediately surrounding slabs. Clearly, a significant height differential between two paving slabs in a public walkway creates a substantially greater risk of injury than the slight gap between flagstones which was at issue in *Hecht v City of New York* (60 NY2d 57), upon which the majority relies. Considering the nature of the defect depicted in the photographs, as well as the fact that the

elevated paving slab was located in a heavily traveled plaza which led to the entrance of the Hauppauge courthouse, I disagree that the subject defect was so trivial and slight in nature that it cannot support a finding of negligence, as a matter of law.

Furthermore, the evidence presented at trial, when viewed in the light most favorable to the plaintiff *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 499; *Brkani v City of New York,* 211 AD2d 740), was sufficient to create a jury question on the issue of constructive notice. It is well settled that photographs which accurately depict the area in which the plaintiff fell may be adequate for the trier of fact to infer that the defendant had constructive notice *(see, Batton v Elghanayan,* 43 NY2d 898; *Farrar v Teicholz,* 173 AD2d 674), since a jury may "infer from the irregularity, width, depth and appearance of the defect * * * that the condition must have come into existence over such a length of time that knowledge of such condition should have been acquired by the defendant in the exercise of reasonable care" *(Karten v City of New York,* 109 AD2d 126, 127-128; *see also, Ferlito v Great S. Bay Assocs.,* 140 AD2d 408). Here, the photographs admitted into evidence provide a sufficient basis from which a jury could infer that the subject defect came into being over such a length of time that knowledge thereof should have been acquired by the defendant *(see, Farrar v Teicholz, supra; Davis v County of Nassau,* 166 AD2d 498; *Ferlito v Great S. Bay Assocs., supra).*