■ JAMES CUNNEEN et al., Respondents, v HICKSVILLE FREE PUBLIC LIBRARY et al., Appellants. (And a Third-Party Action.) [652 NYS2d 782] —In a negligence action to recover damages for personal injuries, etc., (1) the defendant Hicksville Free Public Library appeals from so much of an order of the Supreme Court, Nassau County (Collins, J.), dated November 27, 1995, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, (2) the defendant third-party plaintiff NRI Construction, Inc., appeals from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and (3) the defendant third-party defendant Ruttura & Sons Construction appeals from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the defendants' respective motions are granted, and the complaint and all cross claims are dismissed.

The injured plaintiff, James Cunneen, tripped and fell on a

sidewalk. The defendants' proof in the record consisting of photographs, an expert's opinion, and deposition testimony showing that the sidewalk was constructed in accordance with the architect's specifications, was sufficient to make out a prima facie case that the sidewalk was properly constructed and designed (*see, e.g., Trincere v County of Suffolk*, 232 AD2d 400; and *Guerrieri v Summa*, 193 AD2d 647; *cf., Schechtman v Lappin*, 161 AD2d 118). The burden, therefore, shifted to the plaintiffs to proffer evidentiary proof showing the existence of a triable issue of fact (*see generally, Alvarez v Prospect Hosp.*, 68 NY2d 320). The proof offered by the plaintiffs, consisting of the injured plaintiff's conclusory affidavit and portions of his deposition testimony, was insufficient to raise such an issue (*see, Rotuba Extruders v Ceppos*, 46 NY2d 223). Rosenblatt, J. P., Joy, Florio and McGinity, JJ., concur.