■ MARGUERITE ZAVARO et al., Respondents, v WESTBURY PROPERTY INVESTMENT COMPANY, Appellant. [664 NYS2d 611] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Kutner, J.), dated December 31, 1996, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On November 11, 1990, the plaintiff Marguerite Zavaro allegedly tripped and fell over a defect in the curb and pavement in the parking lot of the defendant's property. The plaintiffs allege, *inter alia,* that the defendant was negligent in failing to repair this defective condition.

To establish a prima facie case of negligence, the plaintiffs must demonstrate (1) that the defendant owed them a duty of reasonable care, (2) a breach of that duty, and (3) a resulting injury proximately caused by the breach (*see, Solomon v City of*

*New York,* 66 NY2d 1026; *Farrar v Teicholz,* 173 AD2d 674). An owner of realty owes a duty to maintain the property in a reasonably safe condition (*see, Basso v Miller,* 40 NY2d 233, 241) and one who has fallen as a result of a defect in pavement must prove that the property owner had either actual or constructive notice of the defect in order to recover (*Farrar v Teicholz, supra*). To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit a defendant's employees to discover and remedy it (*see, Gordon v American Museum of Natural History,* 67 NY2d 836; *cf., Negri v Stop & Shop,* 65 NY2d 625, 626). Photographs which accurately depict an area in which a plaintiff fell may create an issue of fact as to constructive notice of the defect which is best submitted and evaluated by the jury (*see, Batton v Elghanayan,* 43 NY2d 898, 899).

Here, the plaintiffs established an issue of fact as to whether a defect in the condition of the defendant's parking lot caused the injured plaintiff's fall. We further find that all of the evidence submitted in opposition to the defendant's motion for summary judgment, including the photographs of the accident site, reveals issues of fact as to whether the defendant had constructive notice of the defect which allegedly caused the fall (*see, Batton v Elghanayan, supra; Farrar v Teicholz, supra*).

The defendant's remaining contention is without merit. O'Brien, J. P., Thompson, Sullivan and McGinity, JJ., concur.