■ Mercedes Nin, Appellant, v Burton Bernard et al., Respondents. [683 NYS2d 237] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about April 24, 1997, which granted defendants' motion for summary judgment and dismissed the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff commenced this action for personal injuries after she tripped near the edge of the fourth-floor landing in the stairwell of her apartment building. Photographs submitted by defendants in the motion court, which were identified by plaintiff as accurate, depict an irregular depression near the edge of the landing resulting from several small missing tiles. The depression is several inches long and less than an inch deep. Its edges are sharp rather than gradual.

Defendants moved for summary judgment on the ground that the defect was so trivial, and bore no resemblance to a trap or nuisance, that it could not constitute a dangerous condition as a matter of law. The IAS Court granted the motion, finding that this "slight" defect of approximately $3/16$ of inch was not actionable, citing *Morales v Riverbay Corp.* (226 AD2d 271).

Summary judgment should not have been granted. "[T]he issue of whether a dangerous or defective condition exists 'depends on the peculiar facts and circumstances of each case' and is generally a question of fact for the jury (*Schectman v Lappin*, 161 AD2d 118, 121; *see also, Evans v Pyramid Co.*, 184 AD2d 960)" (*Guerrieri v Summa*, 193 AD2d 647; *see also, Trincere v County of Suffolk*, 90 NY2d 976, 977). The precise dimensions of the defect, be they in feet or inches, are not dispositive (*supra,* at 977-978). While in some instances "the trivial nature of the defect may loom larger than another element" (*supra,* at 977), a motion court must examine all the facts presented including "the width, depth, elevation, irregularity and appearance of the defect along with the 'time, place and circumstance' of the injury (*Caldwell v Village of Is. Park*, 304 NY 268, 274.)" (*Trincere v County of Suffolk, supra,* at 978.)

Upon consideration of these factors, we cannot conclude that the defect was trivial as a matter of law. The photographs reveal that although the depression caused by the missing tiles was not very deep, its edges were sharp (*cf., Figueroa v Haven Plaza Hous. Dev. Fund Co.*, 247 AD2d 210), resulting in an un-

even platform which could cause someone to trip (*see, Young v City of New York*, 250 AD2d 383; *Moore v New York City Hous. Auth.*, 251 AD2d 15). The statement of defendants' expert that it was "impossible for all but the sharpest heel or toe to fall within the depression" hardly constitutes a conclusive refutation of plaintiff's case. The location of the defect, at the top step of a steep stairwell, further demonstrates that a jury question exists as to whether the depression constituted a dangerous or defective condition (*Tesak v Marine Midland Bank*, 254 AD2d 717). Concur—Sullivan, J. P., Nardelli, Williams and Mazzarelli, JJ.