■ CARL REARDON et al., Respondents, v BENDERSON DEVELOPMENT CO., INC., et al., Appellants, and RETURN TO WORK, INC., Respondent. [697 NYS2d 893] —Order unanimously affirmed with costs. Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by plaintiff Carl Reardon when he stepped on a broken portion of sidewalk and fell at a plaza owned by Benderson Development Co., Inc.

and Nathan Benderson (defendants). Supreme Court properly denied defendants' cross motion for summary judgment dismissing the complaint. Even assuming, arguendo, that defendants met their burden of establishing their entitlement to judgment, we conclude that the photographs submitted by plaintiffs raise a triable issue of fact with respect to defendants' constructive notice of the defect (*see, McPherson v Van Kouwenberg*, 258 AD2d 885; *Zavaro v Westbury Prop. Inv. Co.*, 244 AD2d 547, 548). A "jury could infer from the irregularity, width, depth and appearance of the defect apparent in the concrete surface exhibited in the photographs that the condition had to have come into being over such a length of time that knowledge thereof should have been acquired by the defendant[s] (*see, Taylor v New York City Tr. Auth.*, 48 NY2d 903; *Blake v City of Albany*, 48 NY2d 875)" (*Ferlito v Great S. Bay Assocs.*, 140 AD2d 408, 409). (Appeal from Order of Supreme Court, Erie County, Kane, J.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Scudder and Callahan, JJ.