■ ROSE-MARIE OLIVER, Respondent, v 144TH STREET JOHANNA ASSOCIATES, Appellant. [710 NYS2d 334] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about February 2, 2000, which, in an action for personal injuries sustained when a stove exploded in an apartment in a building owned by defendant, denied defendant's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

The deposition testimony of defendant's building manager, that he did not know if any repairs had been made to the stove within the five-year period prior to the accident, raises issues of fact as to whether defendant had properly performed its claimed annual inspections of the apartment, whether the stove

was defective, and, if so, whether the defect had existed for a sufficient length of time for defendant to have discovered and remedied it and whether it caused the accident (*see, Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 565-566; *Batton v Elghanayan*, 43 NY2d 898). We note that, at least for present purposes, defendant appears to concede that its retention of the right to enter the subject apartment for the purpose of inspection and repair encompassed a duty to inspect and repair the stove. Concur—Ellerin, J. P., Rubin, Saxe and Buckley, JJ.