■ DOLORES DIANA et al., Respondents, v RB-3 ASSOCIATES, a New York General Partnership, et al., Appellants, and RIDGE MAINTENANCE CORP., Respondent. [785 NYS2d 235]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered July 11, 2003. The order granted defendant Ridge Maintenance Corp.'s motion for summary judgment, denied the cross motion of defendants RB-3 Associates, a New York General Partnership, Robert Benderson, Randall I. Benderson, David Feuerstein, and Benderson Development Company, Inc. for summary judgment and granted plaintiffs' cross motion insofar as precluding defendants RB-3 Associates, a New York General Partnership, Robert Benderson, Randall I. Benderson, David Feuerstein, and Benderson Development Company, Inc. from offering evidence at trial regarding the liability of defendant Ridge Maintenance Corp.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries Dolores Diana (plaintiff) sustained when she fell in the parking lot of a shopping plaza owned by defendants RB-3 Associates, a New York General Partnership (RB-3), and David Feuerstein and managed by defendant Benderson Development Company, Inc. (Benderson Development). Pursuant to a contract with Benderson Development, defendant Ridge Maintenance Corp. (Ridge) agreed to perform sweeping and porter service at the plaza. The porter service portion of the contract provides that "[Ridge's] employees are asked to be observant and report any property deficiencies during the course of their service[,] i.e.[,] pot holes [sic], broken windows, hazardous conditions[,] etc." Plaintiffs allege that the accident occurred when plaintiff tripped on a piece of metal that was part of a post for a sign designating a handicapped parking space.

Supreme Court properly granted the motion of Ridge seeking summary judgment dismissing the amended complaint and cross claim against it. Ridge established its entitlement to judgment as a matter of law by demonstrating that it did not owe a duty of reasonable care to plaintiff by virtue of its contract with Benderson Development, and neither plaintiffs nor the remaining defendants raised a triable issue of fact (see Carpenter v Penn Traffic Co., 296 AD2d 842, 843 [2002]; see generally Espinal v Melville Snow Contrs., 98 NY2d 136, 140-142 [2002]). The court properly denied the cross motion of RB-3, Robert Benderson, Randall I. Benderson, David Feuerstein and

Benderson Development (Benderson defendants) seeking summary judgment dismissing the amended complaint and cross claim against them. The Benderson defendants failed to meet their burden of establishing as a matter of law that they lacked constructive notice of the alleged defect (*see Bailey v Curry*, 1 AD3d 1059 [2003]). Further, even assuming, arguendo, that the Benderson defendants met that burden, we conclude that plaintiffs submitted proof raising triable issues of fact whether those defendants had actual or constructive notice of the allegedly dangerous condition (*see Reardon v Benderson Dev. Co.*, 266 AD2d 869, 870 [1999]). Finally, contrary to the contention of the Benderson defendants, the deposition testimony of plaintiff raises a triable issue of fact regarding the proximate cause of the accident (*see Farrar v Teicholz*, 173 AD2d 674, 676 [1991]). Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.