■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY FEINGOLD, Appellant. [801 NYS2d 601]—

Judgment, Supreme Court, New York County (Jeffrey M. Atlas, J.), rendered November 18, 2004, convicting defendant, after a nonjury trial, of reckless endangerment in the first degree, and sentencing him to a term of five years' probation, unanimously affirmed.

The verdict was based on legally sufficient evidence. Defendant engaged in conduct that created the obvious danger of a major gas explosion in an occupied apartment building. The court properly found that this conduct satisfied the elements of first-degree reckless endangerment (see Penal Law § 120.25; People v Register, 60 NY2d 270 [1983]). Reckless endangerment does not require a showing of extreme wickedness or abject moral deficiency on the part of the perpetrator (see e.g. People v Narimanbekov, 258 AD2d 417 [1999]). Concur—Buckley, P.J., Friedman, Sullivan and Nardelli, JJ.

■ DAVID KASTRAT, Individually and Doing Business as DUGA PAINTING & CONTRACTING, et al., Respondents, v ASKOLD R. WYNNYKIW et al., Appellants. [801 NYS2d 533]—Order, Supreme Court, New York County (Louis B. York, J.), entered on or about June 3, 2004, which granted plaintiffs' motion to strike defendants-appellants' pleadings unless, within seven days, defendants provided a new response to plaintiffs' interrogatories and paid plaintiffs costs of $750 awarded pursuant to 22 NYCRR part 130, unanimously affirmed, without costs.

The subject order was properly based on defendants' noncompliance with court orders directing it to answer plaintiffs' interrogatories (CPLR 3126 [3]; see Zletz v Wetanson, 67 NY2d 711 [1986]).

We have considered defendants' other arguments and find them unavailing. Concur—Buckley, P.J., Friedman, Sullivan and Nardelli, JJ.